LYALL (MATTHEWS v.). See Case No. 9,285.

---

## Case No. 8,613.

### LYALL v. MILLER et al.

[6 McLean, 482.][1]

Circuit Court, D. Michigan.  June Term, 1855.

DEED OF TRUST—VESTED RIGHTS OF TRUSTEE—GRANTOR'S RIGHTS DIVESTED—ASSIGNEE IN BANKRUPTCY—EJECTMENT.

1. A deed of trust, having been, bona fide, given to pay a debt of twenty thousand dollars—surplus on sale by the trustee to be paid over—divests the grantor of the title, so that his assignee in bankruptcy cannot maintain an ejectment. nor can the purchasers under him bring an ejectment.

2. The claim of the bankrupt was limited to the surplus, if any, and this is all that the purchaser under the bankrupt's assignee can claim.

[Appeal from the district court of the United States for the district of Michigan.]

[Suit by Lyall against Miller & Little, administrators of Little.]

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

Mr. Holbrook, for plaintiff.
Mr. Jay, for defendants.

OPINION OF THE COURT. This is an action of ejectment. On the trial of the case a verdict was found for the defendant, and a motion for a new trial was made, on the ground that the district judge charged the jury that the following instrument conveyed the estate of Mackie to Eleanor Wood. Mackie took the benefit of the bankrupt law in New York, and the land in question was sold and conveyed by his assignee in bankruptcy. Under this deed the action of ejectment was brought. "This indenture, this 10th of April, 1841, between John F. Mackie of the first part, and Eleanor Wood of the second part, witnesseth—Whereas, the said party of the first part is indebted unto the said party of the second part in the sum of twenty thousand dollars, which bond conditioned to pay the same. Now, therefore, this indenture witnesseth that in order to pay the said sum of twenty thousand dollars, and in consideration of one dollar to the said party of the first part in hand paid by the party of the second part, at and before &c., the said party of the first part, hath granted, bargained, sold and assigned and made over, and by these presents doth grant, bargain, sell, assign, transfer, and make over unto the said party of the second part, her heirs and assigns forever, all and singular, the lands, hereditaments and real estate of him, the said party of the first part, in which he is interested either in law or in equity, situate and being at Saginaw or elsewhere, in the state of Michigan, and all the right, title and interest of said party of the first part. In trust, nevertheless, that the said party of the second part shall proceed and sell and dispose of the herein granted and assigned premises, at such time or times, in such manner and on such terms, and for such prices, as in her discretion shall be most advantageous for the parties interested therein, and out of the proceeds pay and discharge the expenses of this trust and the aforesaid indebtment of twenty thousand dollars, or such and so much thereof as shall then remain due, and refund the balance or surplus of such proceeds to the said party of the first part, his heirs or assigns. And the said party of the first part hereby constitutes and appoints the said party of the second part his true and lawful attorney irrevocably in the premises, and authorizes and empowers her to sell and dispose of at public or private sale the above granted premises, and every part and parcel thereof and to execute and deliver good and sufficient and valid deeds and conveyances to the purchaser or purchasers," &c.

The district judge, on the trial, held that the above instrument was a deed of trust, the fee being vested in the trustee for the purposes specified, and, consequently, that

the plaintiff claiming under the sale of the assignee in bankruptcy, was not vested with the legal title. And we think the instruction to the jury was correct. The assignee, on the supposition that there was no fraud in the deed of trust, could take under the assignment only the interest of the bankrupt, which was any surplus which might remain, after the above debt was paid. If the deed of trust were a mortgage, the suit of plaintiff could not be sustained, as on failure to pay by the mortgagee he could not recover the possession against the mortgagor. But the deed is not strictly a mortgage, but a deed of trust with power to sell, which is not affected by the bankruptcy of the grantor. The motion for a new trial was properly refused. Judgment, &c.